IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | Case No: 2:22-CR-038 |
| vs. | : | JUDGE GRAHAM |
| STELLA AYENSU | : | |
| Defendant | : | |

UNITED STATES' SENTENCING MEMORANDUM

On May 11, 2022, Defendant Stella Ayensu pled guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. §1349.

The parties agreed to a loss amount of between $250,000 and $550,00, and the Government agreed to recommend to the Court a three (3) level reduction based on defendant's acceptance of responsibility for the offense.

In the Final Presentence Investigative Report (PSR), the Probation Department correctly calculates the Guidelines at a Total Offense Level 15, Criminal History Category I, with a Guideline Range of 18-24 months.

§3553(a) Factors:

The Sentencing Reform Act requires judges to consider the factors listed in Title 18, United States Code, Section 3553(a)(1)-(7) in determining the particular sentence to be imposed.  *Booker* at 764-65, *Gall* at 596-97.  These relevant factors are discussed below.

**Nature and Circumstances of the Offense:**

The nature and circumstances of the offense are disturbing. Defendant, a licensed nurse and owner of Allets Career Training Center, falsely certified that home health aides were receiving 60 or 70 hours of home health training when they actually received little or no training. Furthermore, as manager of Supreme Home Health Care, Defendant employed the unqualified aides to provide home health care services to physically and mentally compromised individuals and then billed Medicaid approximately $500,000 for those services.

**The Seriousness of the Offense**:

The offense is serious. Defendant placed patients at risk of great harm by allowing untrained and ill-equipped individuals to provide home health aide services to patients suffering from a variety of physical and mental disabilities.

**Specific and General Deterrence/ Protection of the Public:**

A firm sentence is appropriate in this case to deter defendant and others in the home health care community from placing patients at risk of harm by intentionally circumventing necessary training requirements.

**Training, Medical Care and Correctional Treatment**:

It does not appear that any special training, medical care or specialized correctional treatment is warranted in this case.

**The Sentencing Range Established for the Offense**:

The Total Offense Level is 15, Criminal History Category I, with a guideline range of 18-24 months with no mandatory minimum sentence.

**Imposition of Period of Supervised Release:**

Pursuant to 18 U.S.C. §3583(b)(2), the term of supervised release shall be no more than three (3) years.

**Restitution:**

The total restitution amount in this case is $499,927.80 to the Ohio Medicaid Program.

**CONCLUSION**

The United States recommends a sentence of 12 months, which is below the Sentencing Guideline range, but which would provide a firm but fair sentence and would be sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2769
Ken.Affeldt @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Sentencing Memorandum was served this 8th day of 2022, electronically on counsel of record.

s/Kenneth F. Affeldt

KENNETH F. AFFELDT (0052128)
Assistant United States Attorney